NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0206n.06

No. 08-6289

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 01, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ONDRAE J. PIRTLE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

BEFORE: SILER and ROGERS, Circuit Judges, and BELL, District Judge.[*]

    ROGERS, Circuit Judge.

    Ondrae Pirtle was convicted of being a felon in possession of a firearm based on evidence from a warrant-based search. On this appeal, Pirtle challenges the admission of the evidence. The affidavit supporting the warrant stated that a confidential informant had reported drug sales by defendant in the previous five days at the location to be searched, and that Freeman had subsequently "observed walk up and drive up traffic that is consistent with that of illegal narcotics activity" at the location. Although the warrant stated that the informant was reliable and had reported true and correct information "in the past," the informant's previous activity in fact consisted only of participation in two controlled buys in the five days prior to the issuance of the warrant. The district

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

court, however, properly admitted the evidence because there was no falsity and a reasonable officer could in good faith rely on the warrant.

Around June 4, 2007, Detective Freeman began investigating illegal drug activity at the apartment complex located at 4837 Tulane Road in Memphis, Tennessee. After conducting surveillance and interviewing persons he witnessed conducting drug sales, Freeman received information from a confidential informant that an individual known as "Red" was selling drugs out of Apartment #3 at 4837 Tulane Road.

In the days leading up to this, Freeman had twice used the confidential informant to make controlled buys of narcotics from other apartments within the same complex. Neither of these controlled buys had resulted in an arrest. In an effort to corroborate the informant's information regarding "Red," Freeman conducted surveillance and observed "walk up and drive up traffic that [was] consistent with that of illegal narcotics activity" on several occasions. Freeman made no other attempts at corroboration.

On June 4, 2007, Freeman obtained a warrant to search the person and premises of a black male known as "Red" who was believed to be selling and storing cocaine at 4837 Tulane #3.

Det. Freeman's sworn affidavit in support of the search warrant stated in pertinent part:

> [A]ffiant Detective E. Freeman has been in the Memphis Police Department's Organized Crime Unit's Narcotics Section for the past three (3) years, and has participated in numerous narcotics investigations, arrest[s] and seizures. The affiant has attended several narcotics investigative school[s] including some sponsored by DEA.
> The affiant spoke to a reliable confidential informant whose information in the past has been found to be true and correct. The informant advised the affiant that a male known as "Red" was selling and storing cocaine at this location (4837 Tulane

#3). The affiant conduced surveillance on this location (4837 Tulane #3) and observed walk up and drive up traffic that is consistent with that of illegal narcotics activity. The informant, who has been at this location (4837 Tulane #3) within the past five (5) days of this warrant advised the affiant that this illegal narcotics activity is continuing. This occurred in Memphis, Shelby County, Tennessee.

He/she therefore asks that a warrant issue to search the person and premises of the sale <u>a Male Black, approx. 6'1" tall, Short Hair, Light Complexion, Early 20's, approx. 140 lbs. and known as "RED"</u> as above described in said County, where he/she believes said <u>Crack Cocaine, Drug Records, and Proceeds</u> is/are now possessed, contrary to the Laws Of the State of Tennessee.

The search resulted in the seizure of various narcotics and a .22 caliber rifle. Defendant Pirtle was detained outside his apartment during the search and later admitted to ownership of the drugs and firearm.

Freeman did not specify in his affidavit that he had never worked with the confidential informant until the days prior to the search warrant was issued. He also neither mentioned details of his surveillance of the area, nor provided additional photographs that he had taken to document the traffic indicating drug sales were ongoing (although one photograph was included with the affidavit). Freeman indicated that he limited the information in the affidavit in order to protect the identity of his confidential informant.

Pirtle was indicted by a federal grand jury on September 25, 2007 for being a convicted felon in possession of a firearm in violation of 18 U.S.C § 922(g). On October 31, 2007, he moved to suppress the evidence obtained during the search, arguing a lack of probable cause. The magistrate judge held a hearing to decide the question of probable cause, and issued her recommendation on January 2, 2008.

The magistrate judge found that the warrant was supported by probable cause and, even if it was not, the good-faith exception provided by *United States v. Leon*, 468 U.S. 897, 905 (1984), permitted admission of the evidence. She held that the reliability of the confidential informant was sufficiently established by his past reliability and Det. Freeman's efforts at corroboration. She also found that the corroboration provided sufficient details so that the affidavit was not "bare bones." In addition, the magistrate judge found that there was no evidence that Det. Freeman made any false statements or acted in bad faith.

On Pirtle's objections to the magistrate's report, the matter was taken up by the district court. After oral arguments by both parties, the district court in an oral ruling found that although there was an insufficient showing for the establishment of probable cause, the evidence should be admitted because the *Leon* good faith exception applies "for the reasons articulated by the government . . . [and] the magistrate judge." These reasons included the court's finding both that Det. Freeman made no false statements regarding the reliability of the informant, and that any information which was withheld would bolster the government's case. In addition, the court stated that using a confidential informant twice in the previous few days, as in this case, does indeed support the statement that the informant's "information in the past has been found to be true and correct."

The evidence was properly admitted under the good faith exception because there is nothing in the record to show that Det. Freeman did not act in good faith or was unreasonable in relying on the search warrant. Under *Leon*, the Fourteenth Amendment exclusionary rule does not "bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." 468 U.S. at 905. Although this exception does not apply if the

officer was dishonest in preparing the affidavit, *Id*. at 926; *see also United States v. Leake*, 998 F.2d 1359, 1366 (6th Cir. 1993), there was no false statement in this case. Det. Freeman testified in the affidavit that the confidential informant's "information in the past has been found to be true and correct." It is undisputed that Det. Freeman used the confidential informant to conduct controlled buys in the days before the issuance of the warrant. Although this refers to the recent past, it is still the past. By participating in the controlled buys, the informant was providing information to Det. Freeman. Thus, the district court properly determined that there was no falsity.

Moreover, both the district court and the magistrate judge found that had Det. Freeman included more detail about the informant's controlled buys, that information would tend to bolster the statement in the affidavit, rather than discredit it. Thus, this case is distinguishable from *United States v. West*, 520 F. 3d 604, 611 (6th Cir. 2008), in which this court held that an officer showed a "reckless disregard for the truth" when he failed to include information in the affidavit which suggested the confidential informant was unreliable. Because additional information would have bolstered, rather than undermined, the informant's credibility, there is no reckless disregard for the truth and *West* is not applicable.

The warrant contained indicia of reliability sufficient for an objectively reasonable officer to rely on its validity. The affidavit provided information regarding a reliable informant's tip, as well as corroborative efforts by an experienced narcotics officer. As explained above, there was no falsity in the affidavit and so the statements regarding the informant's reliability would not be removed under *Franks v. Delaware*, 438 U.S. 154 (1978). Because of this, the warrant contained sufficient indicia of probable cause as demanded by *Leon*, and the evidence was properly admitted.

For the above reasons, we AFFIRM the judgment of the district court.